IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DOUGLAS TURNER, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CA C-09-53 |
| | § | |
| RICHARD L. CRITES, ET AL., | § | |
|     Defendants. | § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is an inmate in the Texas Department of Criminal Justice - Institutional Division, currently incarcerated at TDCJ-CID's McConnell Unit in Beeville, Texas. Proceeding *pro se*, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendants/officials continue to improperly house him in Administrative Segregation in violation of the Constitution (D.E. 1). Plaintiff has been permitted to proceed without prepayment of the filing fee in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915, and an evidentiary hearing on his claims is scheduled for April 28, 2009.

Plaintiff has filed a document titled "Declaration In Support of Right to Representation of Counsel, Art. 1.051 Texas Code of Criminal Procedure" (D.E. 7). The Clerk has docketed the motion as an application for leave to proceed *in forma pauperis*, but because plaintiff has already been permitted to proceed without prepayment of the filing fee, he has already demonstrated that he is unable to afford counsel, and the motion is unnecessary. The motion will be treated instead as a motion for appointment of counsel. The motion is denied as premature. According to paragraph nine of the Initial Partial Filing

Fee and Collection Order, motions for appointment of counsel shall not be filed until the case is screened. Screening will not take place until after the evidentiary hearing scheduled for April 28. Plaintiff's motion is denied without prejudice. In any event, Article 1.051 of the Texas Code of Criminal Procedure does not apply to civil rights litigation filed in federal court.

Alternatively, plaintiff's motion is denied at this time because it is unsupported and without merit. In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. This case is not complex. According to plaintiff, he is a former, not present

gang member, and defendants have placed him in Administrative Segregation in violation of the Constitution.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff's pleadings demonstrate that he is reasonably intelligent and able to describe the facts underlying his claims. Plaintiff appears, at this stage of the case, to be in a position to adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Examination of this factor is premature because the case has not yet been screened, and no defendants have been served.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's motion for appointment of counsel (D.E. 7) is denied without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 1st day of April, 2009.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE