IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DOUGLAS TURNER, | § | |
|         Plaintiff, | § | |
| | § | |
| V. | § | CA C-09-053 |
| | § | |
| ASST. WARDEN RICHARD L. | § | |
| CRITES, ET AL., | § | |
|         Defendants. | § | |

## MEMORANDUM OPINION AND ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is an inmate in the Texas Department of Criminal Justice - Institutional Division, currently assigned to the McConnell Unit in Beeville, Texas. Proceeding *pro se* and *in forma pauperis,* plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging he is being wrongfully held in administrative segregation as a gang member even though he disassociated himself from the gang some time ago (D.E. 1). A recommendation is pending to dismiss plaintiff's complaint for failure to state a claim (D.E. 13). Pending is plaintiff's second motion for appointment of counsel (D.E. 14).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct.

2174, 2180 (1996). It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. This case is not complex. According to plaintiff, he advised defendants that he is not presently a member of a gang. He admits to former membership, but opposes his placement in administrative segregation and believes he should not have to go through the two-year process required to disassociate from the gang. As mentioned earlier, a recommendation to dismiss plaintiff's claims is pending (D.E. 13).

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Id. Plaintiff's pleadings demonstrate he is reasonably articulate and intelligent. During the evidentiary hearing held by telephone conference, plaintiff was articulate and demonstrated he understands his claims. At this early stage of the case, plaintiff is in a position to adequately investigate and present his case. Plaintiff has made no argument that he is not.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Id. Examination of this factor is premature because the case has not yet been set

for trial. If the recommendation to dismiss is not adopted by the District Court, plaintiff can re-urge his motion.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorney's fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's second motion for appointment of counsel (D.E. 14) is denied without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds if plaintiff's claims are not dismissed.

ORDERED this 27th day of May, 2009.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE